IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| KENNETH GLENN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 320-007 |
| | ) | |
| CAPTAIN WICKER; GREG DOZIER; ROBERT TOOLE; ANTOINE CALDWELL, Warden; EDGINALD GIBBONS; LT. FRANKLIN; BILLY WICKER, Warden; FNU MESSER, Deputy Warder; OFFICER WEST; KOCHELLE WATSON, Unit Manager; JANE WEILDEMAN, Psychologist, FNU COWEN, Medical Director; FNU BRAGG, Chief Counselor; OFFICER CARR; OFFICER LARYE; OFFICER HAMEEM; DR. THOMPSON; SERGEANT RODGERS; SGT. MORRIS; LIEUTENANT CAUSWELL; and SGT. PERRY, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**O R D E R**
_____

Plaintiff, an inmate at Coastal State Prison in Garden City, Georgia, commenced the above-captioned case in the Middle District of Georgia, pursuant to 42 U.S.C. § 1983. He has paid the $400.00 filing fee. United States District Judge Tilman E. Self, III, transferred the case to the Southern District of Georgia because Plaintiff's complaint appeared to concern his conditions of confinement at Johnson State Prison in Wrightsville, Georgia. (Doc. no. 4.) Notwithstanding the payment of the filing fee, the case or any portion thereof

may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See Leal v. Georgia Dep't of Corr., 254 F.3d 1276, 1277-78 (11th Cir. 2001) (*per curiam*); 28 U.S.C. § 1915A.

Plaintiff did not file his complaint on the standard form used by incarcerated litigants and, instead, he simply attaches 155 pages of grievances and other documents, apparently grouped by legal claims. (Doc. no. 1.) The complaint includes a rambling chronicle of documents covering a multitude of claims. (Id.) Further, Plaintiff's complaint does not include any statement of claim wherein he alleges any facts. (Id.)

Taken together, Plaintiff's complaint amounts to the quintessential shotgun pleading that has been soundly condemned by the Eleventh Circuit Court of Appeals. See, e.g., Byrne v. Nezhat, 261 F.3d 1075, 1131 (11th Cir. 2001) ("[S]hotgun pleadings, if tolerated, harm the court by impeding its ability to administer justice."), *abrogated on other grounds by*, Douglas Asphalt Co. v. QORE, Inc., 657 F.3d 1146 (11th Cir. 2011); Magluta v. Samples, 256 F.3d 1282, 1284-85 (11th Cir. 2001) (refusing to address and decide serious constitutional issues on the basis of a "quintessential 'shotgun' pleading of the kind [the Eleventh Circuit] ha[s] condemned repeatedly. . . . It is in no sense the 'short and plain statement of the claim' required by Rule 8 of the Federal Rules of Civil Procedure."). Moreover, it is well settled that a plaintiff may not join unrelated claims and various defendants unless the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Because of the rambling nature of Plaintiff's documents in his complaint and the lack of any coherent statement of claim, the Court cannot

determine whether the claims may be brought together in one lawsuit and is unable to conduct a meaningful initial review of Plaintiff's complaint.

The Court recognizes, however, that Plaintiff is proceeding *pro se* and will therefore give him an opportunity to attempt to cure his pleading deficiencies by amending his complaint. Accordingly, the Court hereby **ORDERS** Plaintiff to amend his complaint to include all of his allegations in one document, within fourteen days of the date of this Order.[1] Plaintiff must use the standard form provided along with this Order, <u>with no more than six handwritten pages attached.</u> See <u>Goodison v. Washington Mut. Bank</u>, 232 F. App'x 922, 923 (11th Cir. 2007) (affirming the dismissal of a case where the plaintiff failed to heed the pleading instructions from the court that she was to re-draft her complaint to make it more concise); <u>see also</u> <u>London v. Georgia Dep't of Corr.</u>, CV 502-107, doc. no. 10 (M.D. Ga. May 10, 2002) (directing that amended complaint shall not exceed six handwritten pages).

If Plaintiff wishes to pursue this case, he **MUST** file an amended complaint in accordance with the instructions in this Order. The amended complaint must be printed legibly so that the Court may discern Plaintiff's claims, and it will supersede and replace in its entirety the previous pleading filed by Plaintiff. See <u>Hoefling v. City of Miami</u>, 811 F.3d 1271, 1277 (11th Cir. 2016); <u>Lowery v. Ala. Power Co.</u>, 483 F.3d 1184, 1219 (11th Cir. 2007) ("an amended complaint supersedes the initial complaint and becomes the operative pleading in the case"). It must contain a caption that clearly identifies, by name, each individual that Plaintiff is suing in the present lawsuit. Furthermore, the body of Plaintiff's

---

[1] The Court **DIRECTS** the **CLERK** to attach a standard form complaint used by incarcerated *pro se* litigants in the Southern District of Georgia to Plaintiff's copy of this Order, stamped with this case number.

3

amended complaint must contain sequentially numbered paragraphs containing only one act of misconduct per paragraph. The numbered paragraphs in his amended complaint should include information such as: (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; and (iv) where appropriate, the location where the alleged misconduct occurred.

While Plaintiff may attach exhibits to his amended complaint, he shall not incorporate them by reference as a means of providing the factual basis for his complaint. For example, Plaintiff should not simply state, "See attached documents." Plaintiff must name the individuals whom he seeks to include as Defendants herein in both the caption and the body of his amended complaint; he may not rely on the fact that individuals are named in the exhibits attached to his amended complaint as a means of including such persons as defendants to this lawsuit. The Court will not independently examine exhibits that Plaintiff does not specifically reference (by the exhibit's page number) in his amended complaint.

Plaintiff is further cautioned that no portion of any prior pleading shall be incorporated into his amended complaint by reference. Moreover, Plaintiff shall submit only one amended complaint in accordance with the terms of this Order. Therefore, <u>within fourteen days of the undersigned date</u>, Plaintiff shall state in the single amended complaint filed in accordance with the terms of this Order all claims that he wishes the Court to consider as a basis for awarding the relief sought. Once Plaintiff has complied with the conditions of this Order, the Court will review the amended complaint to determine which, if any, claims are viable, and whether service of process should proceed. If no response is timely received from Plaintiff, the Court will presume that he desires to have this case voluntarily dismissed and will recommend dismissal of this action, without prejudice.

Plaintiff is cautioned that while this action is pending, he shall immediately inform this Court of any change of address. Failure to do so will result in dismissal of this case.

SO ORDERED this 12th day of February, 2020, at Augusta, Georgia.

/s/ Brian K. Epps
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA