IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| KENNETH GLENN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 320-007 |
| | ) | |
| CAPTAIN WICKER; GREG DOZIER; ROBERT TOOLE; ANTOINE CALDWELL, Warden; EDGINALD GIBBONS; LT. FRANKLIN; BILLY WICKER, Warden; FNU MESSER, Deputy Warder; OFFICER WEST; KOCHELLE WATSON, Unit Manager; JANE WEILDEMAN, Psychologist; FNU COWEN, Medical Director; FNU BRAGG, Chief Counselor; OFFICER CARR; OFFICER LARYE; OFFICER HAMEEM; DR. THOMPSON; SERGEANT RODGERS; SGT. MORRIS; LIEUTENANT CAUSWELL; and SGT. PERRY, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

_____

**O R D E R**
_____

Plaintiff, an inmate at Coastal State Prison in Garden City, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983, regarding events allegedly occurring at Johnson State Prison ("JSP") in Wrightsville, Georgia. He is proceeding *pro se* and paid the $400.00 filing fee. Notwithstanding payment of the filing fee, the case or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See Leal v.

Georgia Dep't of Corr., 254 F.3d 1276, 1277-78 (11th Cir. 2001) (*per curiam*); 28 U.S.C. § 1915A.

## I. SCREENING OF THE AMENDED COMPLAINT

### A. BACKGROUND

On January 15, 2020, United States District Judge Tilman E. Self, III, transferred the case to the Southern District of Georgia because Plaintiff's complaint appeared to concern his conditions of confinement at Johnson State Prison in Wrightsville, Georgia. (Doc. no. 4.) On February 12, 2020, the Court ordered Plaintiff to amend because his complaint was not filed on the standard form used by incarcerated litigants, failed to include any statement of facts, and amounted to a quintessential shotgun pleading. (Doc. no. 8.) On March 10, 2020, Plaintiff filed an amended complaint as directed by the Court in its February 12, 2020 Order. However, pleading deficiencies remain.

In his amended complaint, Plaintiff listed twelve claims against officials at JSP and the Georgia Department of Corrections ("GDC"), occurring between January 10, 2018 and July 10, 2018. (Doc. no. 12.) The amended complaint alleges: (1) prison officials prohibited and obstructed Plaintiff from filing prison grievances, and they retaliated against him by telling inmates Plaintiff was a snitch, which caused an inmate to attack Plaintiff on May 25, 2018, after which prison officials failed to conduct an adequate investigation and transferred Plaintiff to an isolation cell to prevent him from conducting his own investigation; (2) prison officials failed to file a PREA report concerning an inmate's assault and rape of Plaintiff, and they refused to transfer Plaintiff to a PREA dorm; (3) prison officials assaulted Plaintiff on May 1, 2018, and a physician refused to document Plaintiff's injuries; (4) a prison librarian restricted Plaintiff's access to library materials because of Plaintiff's religious beliefs and homosexuality; (5) prison

2

officials transferred Plaintiff to Autry State Prison in an attempt to scare, deter, and hinder Plaintiff from filing this lawsuit; (6) upon his return to JSP from Autry State Prison, prison officials failed to protect Plaintiff despite Plaintiff writing letters describing his fear and psychological problems; and (7) prison officials refused to treat Plaintiff for a staph infection. (Id.)

### B. DISCUSSION

#### 1. Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 327 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the

defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*); Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Pleading Deficiencies in Plaintiff's Complaint

Taken together, Plaintiff's amended complaint, like his original complaint, amounts to the quintessential shotgun pleading that has been soundly condemned by the Eleventh Circuit Court of Appeals. See, e.g., Byrne v. Nezhat, 261 F.3d 1075, 1131 (11th Cir. 2001) ("[S]hotgun pleadings, if tolerated, harm the court by impeding its ability to administer justice."), *abrogated on other grounds by*, Douglas Asphalt Co. v. QORE, Inc., 657 F.3d 1146 (11th Cir. 2011); Magluta v. Samples, 256 F.3d 1282, 1284-85 (11th Cir. 2001) (refusing to address and decide serious constitutional issues on the basis of a "quintessential 'shotgun' pleading of the kind [the Eleventh Circuit] ha[s] condemned repeatedly. . . . It is in no sense the 'short and plain statement of the claim' required by Rule 8 of the Federal Rules of Civil Procedure."). Moreover, Plaintiff cannot bring unrelated claims in a single lawsuit under Federal Rule of Civil Procedure 20(a)(2). There are two requirements for joinder

4

under Rule 20:  (1) all claims against joined defendants must arise out of "the same transaction or occurrence, or series of transactions or occurrences"; and (2) "there must be some question of law or fact common to all defendants that will arise in the action." Smith v. Trans-Siberian Orchestra, 728 F. Supp. 2d 1315, 1319 (M.D. Fla. 2010) (citing Alexander v. Fulton County, Ga., 207 F.3d 1303, 1323 (11th Cir. 2000), *overruled on other grounds by* Manders v. Lee, 338 F.3d 1304, 1328 n.52 (11th Cir. 2003) (*en banc*).).

"In determining what constitutes a transaction or occurrence for the purposes of Rule 20(a), courts have looked for meaning to Fed. R. Civ. P. 13(a) governing compulsory counterclaims." Alexander, 207 F.3d at 1323.  Under the requirements of Rule 13(a), "a claim arises out of the same transaction or occurrence if there is a logical relationship between the claims." Construction Aggregates, Ltd. v. Forest Commodities Corp., 147 F.3d 1334, 1337 n.6 (11th Cir. 1998); Tarver v. Owens, 5:14-CV-214, 2014 WL 3810594, at *4 (M.D. Ga. Aug. 1, 2014) (same).  A logical relationship exists when the claims depend upon the same set of facts, or the facts of one claim "activate additional legal rights supporting the other claim." Smith, 728 F. Supp. 2d at 1319.  A claim may be dismissed without prejudice where it does not comply with Rule 20.  Smith v. Owens, 625 F. App'x 924, 928-29 (11th Cir. 2015.)

The seven categories of claims brought by Plaintiff, as itemized in § I.A, *supra*, are unrelated and fail the Rule 20 test.  Plaintiff simply cannot combine in one lawsuit a multitude of defendants and separate occurrences.

**C.     Leave to Amend Complaint**

Because Plaintiff is proceeding *pro se*, the Court will therefore give him one last opportunity to attempt to cure his pleading deficiencies by amending his complaint.

5

However, the Court emphasizes failure to follow the Court's instructions as to the second amended complaint discussed below or failure to abide by the rules against shotgun pleadings and improper joinder will result in the Court recommending dismissal of this case.

Accordingly, the Court hereby **ORDERS** Plaintiff to file a second amended complaint, within fourteen days of the date of this Order.[1]  Plaintiff must use the standard form provided along with this Order, with no more than six handwritten pages attached.  See Goodison v. Washington Mut. Bank, 232 F. App'x 922, 923 (11th Cir. 2007) (affirming dismissal where plaintiff failed to heed pleading instructions from court that she was to re-draft her complaint to make it more concise); see also London v. Georgia Dep't of Corr., CV 502-107, doc. no. 10 (M.D. Ga. May 10, 2002) (directing amended complaint shall not exceed six handwritten pages).

If Plaintiff wishes to pursue this case, he **MUST** file a second amended complaint in accordance with the instructions in this Order.  The second amended complaint must be printed legibly so the Court may discern Plaintiff's claims, and it will supersede and replace in its entirety the previous pleadings filed by Plaintiff.  See Hoefling v. City of Miami, 811 F.3d 1271, 1277 (11th Cir. 2016); Lowery v. Ala. Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007) ("an amended complaint supersedes the initial complaint and becomes the operative pleading in the case").  It must contain a caption that clearly identifies, by name, each individual that Plaintiff is suing in the present lawsuit.  Furthermore, the body of Plaintiff's second amended complaint must contain sequentially numbered paragraphs containing only

---

[1] The Court **DIRECTS** the **CLERK** to attach a standard form complaint used by incarcerated *pro se* litigants in the Southern District of Georgia to Plaintiff's copy of this Order, stamped with this case number.

one act of misconduct per paragraph. The numbered paragraphs in his second amended complaint should include information such as: (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; and (iv) where appropriate, the location where the alleged misconduct occurred.

While Plaintiff may attach exhibits to his second amended complaint, he shall not incorporate them by reference as a means of providing the factual basis for his complaint. For example, Plaintiff should not simply state, "See attached documents." Plaintiff must name the individuals whom he seeks to include as Defendants herein in both the caption and the body of his second amended complaint; he may not rely on the fact that individuals are named in the exhibits attached to his second amended complaint as a means of including such persons as defendants to this lawsuit. The Court will not independently examine exhibits that Plaintiff does not specifically reference (by the exhibit's page number) in his second amended complaint.

Plaintiff is further cautioned that no portion of any prior pleading, either from this case or any other case pending before a different court, shall be incorporated into his second amended complaint by reference. Moreover, Plaintiff shall submit only one amended complaint in accordance with the terms of this Order. Therefore, within fourteen days of the undersigned date, Plaintiff shall state in the single amended complaint filed in accordance with the terms of this Order all claims within the same transaction, occurrence, or series of transactions or occurrences he wishes the Court to consider as a basis for awarding the relief sought. Once Plaintiff has complied with the conditions of this Order, the Court will review the second amended complaint to determine which, if any, claims are viable and which, if

any, Defendant should be served with a copy of the second amended complaint. If no response is timely received from Plaintiff, the Court will presume that he desires to have this case voluntarily dismissed and will recommend dismissal of this action, without prejudice.

Plaintiff is cautioned that while this action is pending, he shall immediately inform this Court of any change of address. Failure to do so will result in dismissal of this case.

SO ORDERED this 7th day of May, 2020, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA