IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| KENNETH GLENN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 320-007 |
| | ) | |
| JOHNSON STATE PRISON; GREG DOZIER, Commissioner; TIMOTHY WARD; ROBERT TOOLE; FNU KRICKMER; FNU SHEPHERD, Regional Director; ANTOINE CALDWELL, Warden; EDGINALD GIBBONS, Deputy Warden of Security; FNU FRANKLIN, Deputy Warden of Care and Treatment/PREA; FNU MESSER, Deputy Warden of Administration; FNU WEST, Mental Health Chief Counselor; KOCHELLE WATSON, Unit Manager; FNU WICKER, Unit Manager; FNU MORRIS, Medical Director; FNU BRAGG, Chief Counselor; DR. JANE WEILDEMAN; FNU COWEN, Medical Director; LT. CARR; LT. CAUSEWELL; SERGEANT THOMPSON; SERGEANT K. ROGERS; OFFICER LARGE; OFFICER HAMEEM; BILLY WICKER, Librarian; FNU PERRY, Mental Health Counselor; DR. THOMPSON, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants.[1] | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, an inmate at Coastal State Prison in Garden City, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983, regarding events allegedly occurring at

---

[1] The Court **DIRECTS** the **CLERK** to update the list of Defendants and correct the spelling of FNU Krickmer's name on the docket in accordance with the caption of this Order, which is consistent with Plaintiff's second amended complaint. (Doc. no. 16, pp. 1, 12.) Medical Director Cowen is listed twice, and Officer Large is listed a second time as "Officer Larye."

Johnson State Prison ("JSP") in Wrightsville, Georgia. He is proceeding *pro se* and paid the $400.00 filing fee. Notwithstanding the payment of the filing fee, the case or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See Leal v. Georgia Dep't of Corr., 254 F.3d 1276, 1277-78 (11th Cir. 2001) (*per curiam*); 28 U.S.C. § 1915A.

I.      SCREENING OF THE SECOND AMENDED COMPLAINT

   A.      BACKGROUND

Plaintiff names as Defendants: (1) Johnson State Prison; (2) Greg Dozier, Commissioner; (3) Timothy Ward, Regional Director; (4) Robert Toole, Regional Director; (5) FNU Krickmer, Regional Director; (6) FNU Shepherd, Regional Director; (7) Warden Antoine Caldwell; (8) Edginald Gibbons, Deputy Warden of Security; (9) FNU Franklin, Deputy Warden of Medical/PREA; (10) FNU Messer, Deputy Warden of Administration; (11) FNU West, Mental Health Chief Counselor; (12) Kochelle Watson, Unit Manager; (13) FNU Wicker, Unit Manager; (14) FNU Morris, Medical Director; (15) FNU Bragg, Chief Counselor; (16) Dr. Jane Weildeman; (17) FNU Cowen, Medical Director; (18) Lieutenant Carr, Officer; (19) Lieutenant Causwell; (20) Sergeant Thompson; (21) Sergeant K. Rogers; (22) Officer Large; (23) Officer Hameen; (24) Billy Wicker, Librarian; (25) FNU Perry, Counselor; (26) Dr. Thompson. (Doc. no. 16, p. 1, 12.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

In his second amended complaint, Plaintiff listed thirteen claims against officials at JSP and the Georgia Department of Corrections ("GDC"), occurring between January 10, 2018 and July 10, 2018. (Doc. no. 16.) Plaintiff's claims can be grouped into the following categories: (1) prison officials prohibited and obstructed Plaintiff from filing prison grievances, and they

retaliated against him by telling inmates Plaintiff was a snitch, which caused an inmate to attack Plaintiff on May 25, 2018, after which prison officials failed to conduct an adequate investigation and transferred Plaintiff to an isolation cell to prevent him from conducting his own investigation; (2) prison officials failed to file a PREA report concerning an inmate's assault and rape of Plaintiff, and they refused to transfer Plaintiff to a PREA dorm; (3) prison officials assaulted Plaintiff on May 31, 2018, and a physician refused to document Plaintiff's injuries; (4) a prison librarian restricted Plaintiff's access to library materials because of Plaintiff's religious beliefs and homosexuality; (5) prison officials transferred Plaintiff to another prison in an attempt to scare, deter, and hinder Plaintiff from filing this lawsuit; (6) prison officials failed to protect Plaintiff despite Plaintiff writing letters describing his fear and psychological problems; (7) prison officials refused to treat Plaintiff for a staph infection; and (8) JSP is infested with cockroaches, rats, spiders, and other creatures. (Id.)

### B. DISCUSSION

#### 1. Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl.

3

Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff's Second Amended Complaint Should Be Dismissed for Failure to Follow a Court Order and Filing a Shotgun Pleading

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Alabama Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008). Moreover,

4

dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)); see also Loc. R. 41.1(b) (Court may dismiss an action *sua sponte* for "willful disobedience or neglect of any order of the Court").

Here, the Court told Plaintiff his complaint and amended complaint amounted to quintessential shotgun pleadings and included improper joinder of claims and warned him failure to correct these pleading deficiencies would result in the Court recommending dismissal. (Doc. nos. 8, 13.) The Court provided Plaintiff with explicit instructions for amending his complaint each time. (Id.) In response, Plaintiff has failed to correct the pleading deficiencies and, instead, filed yet another quintessential shotgun pleading that includes a litany of complaints, fails to specify which defendant did what, and includes the same combination of unrelated claims the Court told Plaintiff was improper.

Such a shotgun approach to pleading and refusal to comply with the Court's orders merits dismissal. See Weil v. Phillips, No. 19-14185, 2020 WL 2764701, at *1-2 (11th Cir. May 27, 2020) (affirming dismissal of complaint amounting to shotgun pleading and holding court was not required to "rewrite [plaintiff's] complaint to allege a proper claim of relief.); Goodison v. Washington Mut. Bank, 232 F. App'x 922, 923 (11th Cir. 2007) (affirming dismissal for failure of plaintiff to heed pleading instructions); see also Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007) ("[A]lthough we are to give liberal construction to the pleadings of *pro se* litigants, 'we nevertheless have required them to conform to procedural rules.'") Because the imposition of monetary sanctions is not a feasible sanction, Plaintiff's case should be dismissed without prejudice for failing to follow the Court's instructions.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's case be **DISMISSED** without prejudice and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 26th day of June, 2020, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA