IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

```
KENNETH GLENN,                          *
                                        *
     Plaintiff,                         *
                                        *
     v.                                 *    CV 320-007
                                        *
JOHNSON STATE PRISON; GREG              *
DOZIER, Commissioner; TIMOTHY           *
WARD; ROBERT TOOLE; FNU                 *
KRICKMER; FNU SHEPHERD, Regional        *
Director; ANTOINE CALDWELL,             *
Warden; EDGINALD GIBBONS, Deputy        *
Warden of Security; FNU                 *
FRANKLIN, Deputy Warden of Care         *
and Treatment/PREA; FNU MESSER,         *
Deputy Warden of Administration;        *
FNU WEST, Mental Health Chief           *
Counselor; KOCHELLE WATSON, Unit        *
Manager; FNU WICKER, Unit               *
Manager; FNU MORRIS, Medical            *
Director; FNU BRAGG, Chief              *
Counselor; DR. JANE WEILDEMAN;          *
FNU COWEN, Medical Director;            *
LT. CARR; LT. CAUSEWELL;                *
SERGEANT THOMPSON; SERGEANT K.          *
ROGERS; OFFICER LARGE; OFFICER          *
HAMEEM; BILLY WICKER, Librarian;        *
FNU PERRY, Mental Health                *
Counselor; DR. THOMPSON,                *
                                        *
     Defendants.                        *
```

O R D E R

Before the Court is *pro se* Plaintiff Kenneth Glenn's motion for reconsideration. (Doc. No. 24.) Plaintiff asks the Court to reconsider its Order adopting the United States Magistrate Judge's

Report and Recommendation ("R&R") to dismiss the case without prejudice.

In his motion, Plaintiff states that he was unable to access the law library in prison and therefore could not comply with the Court's instructions to refile his complaint and correct its pleading deficiencies. The R&R therefore recommended the case be dismissed for failing to follow the Court's Order and because Plaintiff's second amended complaint remained a shotgun pleading. (See R&R, Doc. No. 17, at 4-5.) Plaintiff also discusses arrangements his mother made to hire an attorney to prosecute his case. Apparently, despite being paid, that attorney has yet to do any work on this case or communicate with Plaintiff in any way.

While Plaintiff moves pursuant to Rule 59(e), his motion is better considered under Rule 60(b) because it was filed over twenty-eight days after the Judgment and Order it seeks reconsideration of. See Mahone v. Ray, 326 F.3d 1176, 1178 n.1 (11th Cir. 2003); Fed. R. Civ. P. 59(e) (providing twenty-eight day deadline post-judgment for the filing of motions pursuant to the rule). Federal Rule of Civil Procedure 60(b) permits courts to relieve a party from final judgment for six reasons:

1) mistake, inadvertence, surprise, or excusable neglect;

2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

3) fraud, . . . misrepresentation, or misconduct by an opposing party;

4) the judgment is void;

5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). "Motions under [Rule 60(b)] are directed to the sound discretion of the district court." Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984).

Plaintiff has not stated any of the above grounds. Therefore, his motion for reconsideration (doc. no. 24) is **DENIED**. Plaintiff is reminded that his case was dismissed without prejudice, meaning that if he wishes to further pursue the claims in this case, he may do so by initiating a new lawsuit.

**ORDER ENTERED** at Augusta, Georgia, this 29th day of September, 2020.

_____
UNITED STATES DISTRICT JUDGE