IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | |
|---|---|
| KENNETH GLENN,<br><br>    Plaintiff,<br><br>    v.<br><br>JOHNSON STATE PRISON; GREG DOZIER, Commissioner; TIMOTHY WARD; ROBERT TOOLE; FNU KRICKMER; FNU SHEPHERD, Regional Director; ANTOINE CALDWELL, Warden; EDGINALD GIBBONS, Deputy Warden of Security; FNU FRANKLIN, Deputy Warden of Care and Treatment/PREA; FNU MESSER, Deputy Warden of Administration; FNU WEST, Mental Health Chief Counselor; KOCHELLE WATSON, Unit Manager; FNU WICKER, Unit Manager; FNU MORRIS, Medical Director; FNU BRAGG, Chief Counselor; DR. JANE WEILDEMAN; FNU COWEN, Medical Director; LT. CARR; LT. CAUSEWELL; SERGEANT THOMPSON; SERGEANT K. ROGERS; OFFICER LARGE; OFFICER HAMEEM; BILLY WICKER, Librarian; FNU PERRY, Mental Health Counselor; DR. THOMPSON,<br><br>    Defendants. | CV 320-007 |

---

**O R D E R**

---

Before the Court are two of *pro se* Plaintiff Kenneth Glenn's motions (doc. nos. 27-28). The first motion seeks verification or written proof that Mr. Holiday – an attorney Plaintiff states he has hired – "has indeed registered himself as my attorney for this

Johnson Prison Lawsuit." To this end he requests a copy of the docket. Plaintiff's first motion also seeks to have his prior motion to alter or amend the judgment (doc. no. 24) considered under Rule 59(e) as he correctly notes it was filed within twenty-eight days of the entry of judgment.[1] However, considering the prior motion under Rule 59(e) does not lead to a different outcome.

"The only grounds for granting a [Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (brackets in original). Plaintiff was afforded multiple opportunities to amend his complaint to fix its deficiencies, plus extensions of time to do so. He now asks for a fourth opportunity via the present and prior motions, stating that he had no access to the law library where he might discover how to correct his shotgun pleadings. But, despite Plaintiff's assertion to the contrary, the Magistrate Judge's Orders contained explicit instructions on how to draft a proper complaint without any need for legal research. (See Doc. Nos. 8 at 3-4; 13 at 6-8.) Therefore, even under Rule 59(e), Plaintiff's motion is due to be denied.

Plaintiff's second motion repeats the requests contained in the first, and then asks for legal advice regarding the effect the

---

[1] On September 9, 2020, the Court denied Plaintiff's motion for reconsideration employing the standard of Federal Rule of Civil Procedure 60(b). (Doc. No. 25.)

2

statute of limitations may have on his claims. The Court cannot provide such advice.

Upon the foregoing, Plaintiff's first motion (doc. no. 27) is **GRANTED IN PART** and **DENIED IN PART**. The Clerk is directed to mail a copy of the docket to Plaintiff along with this Order. Relief under Rule 59(e) is **DENIED**. Plaintiff's second motion (doc. no. 28) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 30th day of Nov., 2020.

_____
UNITED STATES DISTRICT JUDGE